1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT E. MAURY,

          Plaintiff,

    v.

SMITH, et al.,

          Defendants.

Case No. 24-cv-07093-JSW

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff, an inmate in Pelican Bay State Prison proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against the Warden and unidentified "mailroom staff." He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

**ANALYSIS**

**A.**   **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

1   which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

2   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

3   obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

4   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

5   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

6   *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

7   must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

9   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

10   alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

11   487 U.S. 42, 48 (1988).

12   **B.**   **LEGAL CLAIMS**

13        Plaintiff claims his legal mail was opened outside of his presence, without notification to

14   him, and not provided to him.  He does not name as defendants the official(s) who did this.

15   Rather, he names the Warden of PBSP as a defendant, but he alleges no conduct by the Warden or

16   any actions or omissions by him that caused Plaintiff's legal mail to be mishandled.  The Warden

17   is not liable simply because he is the supervisor of any officials who were involved in the alleged

18   violation of Plaintiff's rights.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no

19   respondeat superior liability under Section 1983).

20        The only other defendant listed by Plaintiff is "mailroom staff."  Plaintiff may not sue a

21   group of people without identifying them individually and alleging specific actions (or omissions)

22   by each of them that caused the alleged interference with, confiscation of, and/or other

23   mishandling of Plaintiff's legal mail.  Plaintiff will be given leave to file an amended complaint in

24   which he cures these deficiencies in his complaint..

25   **CONCLUSION**
     For the reasons set out above,

26       1.     The complaint is DISMISSED for failure to state a cognizable claim for relief.

27       2.     Plaintiff may file an amended complaint within **on or before November 28, 2024.**

28

2

*United States District Court*
*Northern District of California*

The amended complaint **must** include the caption and civil case number used in this order (No. C 24-7093 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>Failure to amend within the designated time and in accordance with this order, including curing the deficiencies in the claims described above, will result in the dismissal of this case.</u>

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 28, 2024

_____
JEFFREY S. WHITE
United States District Judge